# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **NANETTE BROOKS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-02618 |
| | ) | Chief Judge Crenshaw |
| **LKQ,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The Magistrate Judge has entered a Report and Recommendation ("R&R") (Doc. No. 30) that recommends Nanette Brooks' employment discrimination complaint under Title VII be dismissed because it was not timely filed. Brooks has filed Objections (Doc. No. 31) to the R & R, and her former employer, Keystone Automotive Industries, Inc., which she identifies as LKQ/Keystone Automotive in the Complaint, has filed a response (Doc. No. 32). Having conducted the *de novo* review required by Rule 72 of the Federal Rules of Civil Procedure, the Court will accept the R & R and dismiss Brooks' claims.

Title VII contains a ninety-day limit for filing suit after the receipt of a Right to Sue letter. 42 U.S.C. § 2000e-5(f). "Because courts must 'strictly enforce[ ] Title VII's ninety-day statutory limit,' [a court] ordinarily may not extend it even by 'a single day.'" Rembisz v. Lew, 830 F.3d 681, 683 (6th Cir. 2016) (quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 557 (6th Cir. 2000)).

Here, the Equal Employment Opportunity Commission ("EEOC") issued two Right to Sue Letters on June 9, 2016, and, "[t]he Sixth Circuit has resolved that notice is given, and hence the

1

ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of [a Right to Sue] notification to the claimant's record residential address[.]" Graham-Humphreys, 209 F.3d at 557. By virtue of that presumption, Brooks should have received the letter on June 14, 2016, and the ninety day period expired on September 12, 2015 yet her Complaint was not filed until September 30, 2016.

In both her Complaint and Objections, Brooks tacitly concedes that her Complaint comes too late. In the former she writes, "[l]et me begin by pleading my case to be heard although the 90 day window has expired," (Doc. No. 1 at 5), and in the latter she "beg[s] the courts [sic] not to dismiss my case because I did not understand what 'days' were include in the 90-day window," (Doc. No. 31 at 1). She nevertheless request that the case be allowed to go forward for several reasons, all of which are unavailing.

Brooks argues that she did not understand whether the ninety-day period included weekends and holidays and that, when she asked the EEOC, she received no answer. However, the letters she received from the EEOC could not have been any clearer. They stated: "Your lawsuit **must be filed WITHIN 90 DAYS or your receipt of this notice;** or your right to sue based on this charge will be lost." (Doc. No. 1 at 10, 12) (emphasis in original). The letters in no way suggested that weekends did not count. The contention that the EEOC failed to answer Brooks' question about whether weekends were included is not a basis for equitable tolling. See Grzanecki v. Bravo Cucina Italiana, 408 F. App'x 993, 995-96 (7th Cir. 2011) (stating that "equitable tolling is available only when the court or an opponent takes some action that lulls or misleads a plaintiff into filing late," and finding that "the refusal of the EEOC and court to provide legal advice did not affirmatively mislead" plaintiff); Stephens v. Salvation Army, 2006 WL 2788245, at *4 (S.D.N.Y. Sept. 26, 2006)

(rejecting plaintiff's claims that he was mislead by court clerk into concluding that weekends and holidays did not count because "the right to sue letter received from the EEOC . . . states clearly that any action [plaintiff] wished to pursue in state or federal court had to be commenced within 90 days from receipt of the letter"). Moreover, accepting Brooks' position would mean that the ninety-day period in all cases would turn the limitations period into 126 days since there are 18 Saturdays and 18 Sundays in any given ninety day period.

Brooks next asserts that her delay in filing suit should be excused because "of the mental toll and traumatization that was inflicted upon [her] by LKQ's employees." (Doc. No. 31 at 1). "The Sixth Circuit has not ruled on the issue of whether equitable tolling is applicable where a plaintiff claims that her mental distress prevented her from filing within Title VII and ADEA limitations periods[.]" Holt v. City of Dickson, 2015 WL 6619969, at *4-5 (M.D. Tenn. Oct. 30, 2015). Assuming mental distress is grounds for equitable tolling, Brooks "would have to show that '(1) [s]he is mentally incompetent and (2) h[er] mental incompetence caused h[er] failure to comply with [the] statute of limitations.'" Id. (quoting Ata v. Scutt, 662 F.3d 736, 742 (6th Cir.2011). "There is little precedent on how to apply this standard in the Sixth Circuit, but other circuits look to whether the plaintiff's disability is such that she is unable to manage her normal business or comprehend her legal rights or liabilities." Id. (collecting cases).

In support of the request for equitable tolling on the grounds of mental distress, Brooks attaches a Psychological Fitness for Duty Report from James S. Walker, a Clinical Neuropsychologist. The report, apparently done at the request of LKQ, is of limited evidentiary value because it was prepared on January 27, 2016, almost 8 months before Brooks was required to file suit. Nevertheless, even though the examination indicated that Brooks had some psychological

3

issues, it did not indicate that she was incapable of managing her affairs. Quite the contrary, Dr. Walker opined that Brooks could perform the essential functions of her job with a reasonable accommodation in the form of weekly psychological visits, and that "three months may be sufficient for that therapy to be successful." (Doc. No. 31 at 8).

Additionally, Brooks asserts that she filed a "police report in June 2016" that complained about her being followed by LKQ employees and that, prior to filing suit she had "been aggressively seeking employment" and "had many interviews[.]" (Doc. No. 1 at 5). Brooks also claims that when she "found the strength and courage to move forward with the suit," she "went downtown to file an Order of Protection" against certain LKQ employees. These facts, in conjunction with her claim that she inquired about whether weekends were included in the time computation, suggest that Brooks was able to manage her affairs and comprehend her legal rights.

For much the same reasons, Brooks' final basis for equitable tolling fails. In this regard she claims that, after her husband had surgery, she needed to "nurse [him] back to good health." (Doc. No. 20 at 3). Brooks does not, however, indicate when the surgery occurred, or show that her husband required uninterrupted, constant care. As the Magistrate Judge pointed out, "[e]ven assuming that caring for a family member can serve as a ground for equitable tolling–and Brooks cites no authority that it can–Brooks does not show how caring for her husband prevented her from timely filing this action." (Doc. No. 30 at 8).

The Sixth Circuit "has repeatedly cautioned that equitable tolling relief should be sparingly granted," Reed v. ADM/ARTCO, 57 F. App'x 682, 683 (6th Cir. 2003), and "[t]he party seeking equitable tolling bears the burden of proving [s]he is entitled to it," Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010). Brooks has not carried that burden.

4

Accordingly, the Court rules as follows:

(1) The R & R (Doc. No. 30) is **ADOPTED**;

(2) Keystone Automotive Industries, Inc.'s Motion to Dismiss (Doc. No. 5) is **GRANTED**; and

(3) Brooks' claims are hereby **DISMISSED WITH PREJUDICE.**

The Clerk of the Court shall enter final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE